UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JEREMY RYAN,

Plaintiff,

v.

WARDEN OF MCC SAN DIEGO, in his or her individual and official capacities; HEALTH AND HUMAN SERVICES ADMINISTRATOR OF MCC SAN DIEGO, in his or her individual and official capacities; and CLINICAL DIRECTOR, responsible medical officials, in their individual and official capacities,

Defendants.

Case No.: 3:26-cv-01516-JES-AHG

**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND SUA SPONTE DISMISSING CASE WITH LEAVE TO AMEND**

**[ECF No. 2]**

On March 10, 2026, Plaintiff Jeremy Ryan ("Plaintiff") filed a *pro se* complaint alleging various causes of action against Defendants. ECF No. 1 ("Compl."). The same day, Plaintiff also filed a Motion for Leave to Proceed *In Forma Pauperis* ("IFP"). ECF No. 2. After due consideration and for the reasons set forth below, the Court **GRANTS** the motion to proceed IFP and **DISMISSES** the case without prejudice.

1

## I.      Motion to Proceed *In Forma Pauperis*

Parties instituting a civil action must pay a filing fee of $405 unless they are granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). A party need not "be absolutely destitute" to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). "Nonetheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness, and certainty.'" *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (quoting *United States v. McQuade*, 647 F.3d 938, 940 (9th Cir. 1981)). To that end, "[a]n affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id*. "But, the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in part, to pull his own oar." *Temple v. Ellerthorp*, 586 F. Supp. 848, 850 (D.R.I. 1984).

The Court has reviewed Plaintiff's renewed IFP motion and finds that Plaintiff is unable to pay fees or post securities required to maintain this action. Plaintiff submitted a renewed application stating that he receives $2,146 per month combined in income and food stamps. ECF No. 9-2 at 1-2. Plaintiff's monthly expenses total $1,675 per month. The Court finds that Plaintiff is unable to pay the filing fee. Therefore, the Court **GRANTS** Plaintiff's motion for leave to proceed IFP.

## II.      Screening under 28 U.S.C. § 1915(a)

The Court screens complaints brought by persons proceeding *pro se* and IFP. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

### A. Standard of Review

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Though plaintiffs need not give

"detailed factual allegations," plaintiffs must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Adequately pled claims will "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). And courts dismiss complaints that "fail[ ] to provide the individual defendants with proper notice of the claims being asserted against them and ... [do] not afford defendants a fair opportunity to assert ... defenses." *McHenry v. Renne*, 84 F.3d 1172, 1175 (9th Cir. 1996).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**B. Plaintiff's Allegations**

Plaintiff was held as a pretrial detainee at Metropolitan Correctional Center ("MCC") San Diego from January 27, 2026, to February 24, 2026. Compl. at 1, 2. Plaintiff alleges that he suffered unconstitutional conditions, including "dangerously cold housing conditions, unsanitary and unhealthy air/ventilation conditions, grossly inadequate bedding, prolonged denial of medical care, and the absence of meaningful psychiatric care and medication access." *Id.* at 1. Further, Plaintiff alleges that the cold temperatures were in the 50s, that the vents were not internally cleaned, leaving new inmates sick for months without exception, and that the bedding was undersized and thin. *Id.* Additionally, Plaintiff alleges that he suffered particular harm from the bedding because he was recovering from a spinal fusion. *Id.* at 2. He also alleges that there was a months-long delay to see a doctor, that there was no psychiatrist, and that Defendants refused to prescribe psychiatric

medication. *Id.* at 1. Finally, Plaintiff alleges that Defendants did not provide heart medication until two weeks after his incarceration. *Id.* at 2.

**C. Legal Analysis**

Plaintiff has not provided the legal basis for his claims. Because Plaintiff was in federal custody during the relevant period, the Court liberally construes his claims as arising under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), which provides a "federal analog" to 42 U.S.C. § 1983.[1] However, *Bivens* is much "more limited" in the type of claims that can be raised. *Hernandez v. Mesa*, 589 U.S. 93, 109 (2020). *Bivens* remedies are, at best, strongly disfavored outside the few contexts in which the Supreme Court has previously approved them. *Egbert v. Boule*, 596 U.S. 482, 491–92 (2022).

The only contexts in which the Supreme Court has recognized a *Bivens* remedy are for claims seeking damages against federal officials arising from: (1) a violation of the Fourth Amendment for allegedly unreasonable searches and seizures in connection with unauthorized electronic surveillance (*Bivens*, 403 U.S. 388); (2) a violation of the Fifth Amendment's Due Process Clause for gender discrimination in employment (*Davis v. Passman*, 442 U.S. 228 (1979)); and (3) a violation under the Eighth Amendment's Cruel and Unusual Punishment Clause for failure to provide constitutionally adequate medical treatment to a prisoner (*Carlson v. Green*, 446 U.S. 14 (1980)). *See Egbert*, 596 U.S. at 490–91.

In deciding whether to find an implied cause of action, the Court first must determine if the case is "meaningfully different from the three cases in which the Court has implied a damages action." *Elgbert*, 596 U.S. at 492. If a case presents a new context for a *Bivens* action, then a damages remedy may only be extended (1) if the plaintiff has no "other

---

[1] Plaintiff cannot state a plausible claim under 42 U.S.C. §§ 1983. Section 1983 is limited to wrongful acts taken by state—¬not federal—officers, and as such, they "provide[] . . . no help" to plaintiffs who complain of wrongful acts "taken under the color of federal law." *Lonneker Farms, Inc. v. Klobucher*, 804 F.2d 1096, 1097 (9th Cir. 1986*); see Jachetta v. United States*, 653 F.3d 898, 908 (9th Cir. 2011) ("We find no evidence in either statute that Congress intended to subject federal agencies to § 1983 and § 1985 liability. To the contrary, §§ 1983 and 1985 impose liability upon a "person," and a federal agency is not a 'person' within the meaning of these provisions.") (collecting cases).

adequate alternative remedy" and (2) there are no "special factors" that would cause the court to believe that Congress rather than the courts should authorize a suit for money damages. *Id.* at 492–93. The Ninth Circuit recently observed that following *Egbert*, "most claims seeking to expand *Bivens* are 'dead on arrival.'" *Chambers v. Herrera*, 78 F.4th 1100, 1103 (9th Cir. 2023)

The Court further notes that a *Bivens* claim cannot stand against the United States, or any of its departments, offices, or agencies. *See FDIC v. Meyer*, 510 U.S. 471 (1994). "[T]he purpose of *Bivens* is to deter the officer," not the agency. *Id.* at 485; *see also Lanuza v. Love*, 899 F.3d 1019, 1029–32 (9th Cir. 2018) (noting that a claim for damages based on individualized mistreatment by rank-and-file federal officers is what *Bivens* was meant to address).

### 1. Plaintiff's Claims Arise Under New Contexts.

Here, Plaintiff's claims arise from the allegedly unsafe, uncomfortable, and unsanitary conditions of his confinement. Recently, in an unpublished opinion, the Ninth Circuit declined to extend *Bivens* to an Eighth Amendment claim regarding unsanitary cell conditions in prison because it did not fall within claims authorized by the Supreme Court. *Schwarz v. Meinberg*, 761 Fed. App'x 732, 733–34 (9th Cir. 2019) (finding cell condition claim presented a "new context" for a *Bivens* action and identifying the Federal Tort Claims Act as an alternative process available to federal prisoners). Here, Plaintiff's claim is based on the Due Process Clause because he was a pretrial detainee and as such, it also presents a "new context" under *Bivens*. *See Verros v. Fed. Det. Ctr.*, No. 26-CV-1009, 2026 WL 732779, at *3 (E.D. Pa. Mar. 13, 2026) (collecting cases and finding that Fifth Amendment claims brought by a pretrial detainee constituted a new context).

Plaintiff's claims of inadequate medical and mental healthcare also present a new context due to his status as a pretrial detainee. While *Bivens* provides a remedy for Eighth Amendment claims of failure to treat a serious medical condition, Petitioner's claims arise under the Fifth Amendment because he was a pretrial detainee. *See Carlson*, 446 U.S. at 16; *Schwarz*, 761 Fed. App'x at 733-34. Therefore, his claims of inadequate medical and

mental healthcare also present a new context.

### 2. Special Factors Caution Against *Bivens* Availability.

Because this case presents new *Bivens* contexts, the Court must turn to the second part of the inquiry, to determine whether there are special factors indicating the Judiciary is less equipped than Congress to "weigh the costs and benefits of allowing a damages action to proceed." *Egbert*, 596 U.S. at 492 (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 136 (2017)). If a proposed claim arises in a new context, courts must conduct a special factors analysis to determine whether to extend a *Bivens* remedy to that claim. *Vega v. United States*, 881 F.3d 1146, 1153 (9th Cir. 2018). However, the Supreme Court makes "clear that a *Bivens* remedy will not be available if there are 'special factors counseling hesitation in the absence of affirmative action by Congress.'" *Abbasi*, 583 U.S. at 136 (quoting *Carlson*, 446 U.S. at 18). One such "hesitation" is "if there is an alternative remedial structure present" which "alone may limit the power of the Judiciary to infer a new *Bivens* cause of action." *Id*. at 137; *see also Wilkie v. Robbins*, 551 U.S. 537, 550 (2007) (holding that courts should refrain from providing new remedies when alternative processes exist). Here, Plaintiff had alternative processes by which to pursue his claims and remedies. For example, he could have sought a remedy under the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e, under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), or through injunctive remedies. The availability of alternative remedies for Fifth Amendment claims cautions against district courts creating new *Bivens* remedies. *See Stanard v. Dy*, 88 F.4th 811, 818 (9th Cir. 2023); *Bravo v. U.S. Marshals Serv.*, 684 F. Supp. 3d 112, 125 (S.D.N.Y. 2023).

For all these reasons, the Court concludes that both Plaintiff's conditions of confinement claims and inadequate medical treatment claims arise under new contexts and the special factors inquiry cautions against extending Bivens relief. Therefore, Plaintiff's claims fail to state a claim upon which relief may be granted, and are dismissed sua sponte pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

//

3:26-cv-01516-JES-AHG

**C. Leave to Amend**

District courts "should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988)). Here, the Court grants Plaintiff leave to amend his Complaint. If Plaintiff fails to timely amend, the Court will enter a final Order dismissing the entire action. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action."). Plaintiff is advised that any amended complaint must be complete in itself without reference to his prior complaint; accordingly, any defendant not named and any claims not re-alleged in any amended complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

**III. Conclusion**

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Proceed In Forma Pauperis and *sua sponte* **DISMISSES** the complaint with leave to amend. Plaintiff must file an amended complaint on or before **July 2, 2026**. If Plaintiff fails to file an amended complaint by the deadline, then the Court will dismiss the entire case with prejudice.

**IT IS SO ORDERED.**

Dated: May 21, 2025

Honorable James E. Simmons Jr.
United States District Judge

3:26-cv-01516-JES-AHG